FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**   00 DEC - 1  PM 3: 40
**SOUTHERN DIVISION**

U. . . . . . . . . . . .
N.D. OF ALABAMA

DAVIS TRANSPORTATION, INC.,           )
                                      )
    **Plaintiff,**                     )
                                      )
**vs.**                               ) Civil Action No. CV-97-S-0611-S
                                      )
**FONTAINE TRAILER CO., INC.,**       )
                                      )   **ENTERED**
    **Defendant.**                    )
                                      )   DEC - 1 2000

### MEMORANDUM OPINION

This action is before the court on defendant's Renewed Motion for Summary Judgment (doc. no. 36). Upon consideration of the motion, briefs, and evidence submitted by the parties, the motion is due to be granted in part and denied in part.

### I. Facts

Davis Transportation, Inc., is a Laurel, Mississippi, corporation engaged in the business of hauling heavy specialty loads across the continental United States and into Canada. In early 1994, John Davis, acting on behalf of Davis Transportation, contacted various trailer manufacturers, including defendant Fontaine Trailer Company, in order to solicit bids for the purchase of trailers. Following negotiations with representatives of the defendant, Davis agreed to purchase a number of standard and custom designed trailers to be manufactured by defendant. According to Davis, during the course of these negotiations, defendant expressly

*37*

represented to him that those trailers that were to be designed specifically for the plaintiff would be capable of hauling cargo up to certain rated weight capacities and would meet certain loading requirements that Davis had requested.  After accepting delivery and putting the trailers to use, however, plaintiff claims to have developed various problems with the equipment, including leaking wheel seals, leveler valves that did not operate properly, and the general inability of the trailers to haul cargo equivalent to the agreed-upon weight limits.  During the ensuing months, defendant made various attempts at repairing the trailers, keeping the equipment anywhere from a month to six weeks.  To this day, these problems have not been repaired to plaintiff's satisfaction.

Defendant maintains that it never contracted or agreed to insure that the trailers it manufactured would haul weight equal to that which plaintiff alleges.  Indeed, defendant seeks to limit any agreement between itself and plaintiff to the written warranty that it provided to Davis at the time of delivery of the trailers or sometime thereafter.  This warranty information established one-year warranties on certain trailers and five-year warranties on others.  In addition to making certain express assurances about the trailers being free from defects, these warranties state that the trailers were only capable of hauling cargo weighing amounts equal

to or less than the "Gross Vehicle Weight Rating" set forth on the vehicle identification plates that were affixed to each individual trailer.[1]   Furthermore, defendant's written warranties contain conspicuous disclaimers of all implied warranties and limited the remedy for any defects in the trailers to repair or replacement. The warranty also expressly states that it is in lieu of any other warranties, express or implied.   Defendant maintains that it has not breached any aspect of the express written warranties, and attributes any problems with the trailers to plaintiff's failure to comply with the gross vehicle weight ratings.

Plaintiff filed this action on March 18, 1997, alleging that defendant failed to manufacture the trailers in accordance with its agreement, and that defendant failed to adequately repair or correct any of the problems.   Plaintiff's complaint alleges five causes of action: breach of contract; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; and fraud.   Plaintiff argues that, as a result of the defendant's actions and/or omissions, it has been caused to suffer substantial damages, including the costs of tire replacement, parts and labor to repair

---

[1] The written warranties also stated that the loading of each axle must not exceed the "Gross Axle Weight Rating" listed on the same plate.

3

trailers, damage to cargo and tractors, expenses associated with breakdowns, and consequential loss of revenue and profits.

## II. Discussion

### A.   Breach of Contract

Count I of plaintiff's amended complaint alleges that defendant breached a contract with plaintiff when defendant failed to properly build and construct the trailers so that they would perform as agreed. Even so, plaintiff's acceptance and use of the trailers in this case precludes proceeding on the breach of contract claim. Although the Alabama Supreme Court has held that a claim based upon a non-working product can be brought as either a breach of warranty or a breach of contract action, the remedy generally lies in a claim for breach of warranty when the breach occurs after acceptance of the goods. *See Lloyd Wood Coal Co. v. Clark Equipment Co.*, 543 So. 2d 671, 674 (Ala. 1989); Alabama Code § 7-2-607 (1975). While a post-acceptance breach of contract action can be maintained where the buyer has revoked acceptance of the goods, the buyer must revoke acceptance within a reasonable time after the buyer discovers the ground for it, and the buyer notifies the seller of the revocation. *See* Alabama Code § 7-2-608 (1975). Because plaintiff accepted and used the trailers, and,

4

failed to notify defendant that it was revoking its acceptance, defendant is entitled to summary judgment on plaintiff's breach of contract claim.

## B.   Other Claims

Counts II, III, and IV of plaintiff's amended complaint allege breaches of express and implied warranties.   The court has determined that genuine issues of material fact exist as to plaintiff's warranty claims.  Therefore, summary judgment is not appropriate.

Count V of plaintiff's amended complaint sounds in fraud, and alleges that defendant made false and fraudulent representations to the plaintiff concerning the hauling capacity of the trailers. Defendant challenges plaintiff's ability to recover under theories of fraud or misrepresentation in Alabama, contending that the only damage in this case was to the trailers themselves.  In *Lloyd Wood Coal Company*, the Alabama Supreme Court held that there can be no recovery in tort for an alleged defect in a product that causes damage solely to the product itself.  *Id.* at 673-74.  Nevertheless, the Court noted, "[o]f course, an action in tort would have arisen had there been personal injury or damage to property other than the product itself."  *Id.* at 674.  In the present action, the damages

5

of which plaintiff complains extend beyond damage to the trailers themselves.  Plaintiff seeks property damages for totaled tractors and demolished cargo that resulted when the trailers manufactured by defendant capsized.  Thus, plaintiff is entitled to proceed with the fraud claim as it relates to these damaged items.

Defendant also argues that the written warranty materials limit plaintiff's remedies to repair or replacement.  Moreover, defendant contends that the written warranty expressly excluded consequential damages.  Under the Alabama Commercial Code, the parties to a contract may, by agreement, "provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article."  Alabama Code § 7-2-719(1)(a)(1975).  Consequential damages may also be limited or excluded pursuant to such an agreement, provided that such a limitation is not unconscionable. See Alabama Code § 7-2-719(3)(1975).  Nevertheless, there is no evidence in the record that the limitation of remedies provided for in the written warranty materials formed a part of the basis of the bargain between the parties.  Therefore, summary judgment on the limitation of remedies is not proper.

### III. Conclusion

For the foregoing reasons, defendant's motion for summary

6

judgment is due to be granted in part and denied in part.  An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this the __1st__ day of December, 2000.

_____
United States District Judge